E-FILED
Monday, 08 December, 2025 02:03:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| BENJAMIN TRAPINI, on behalf of himself and all other similarly situated persons, known and unknown, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:25-cv-03384 |
| HOLLISTER-WHITNEY ELEVATOR CO, LLC, | ) | |
| Defendant. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, Benjamin Trapini ("Plaintiff" or "Trapini"), on behalf of himself and all others similarly situated, known and unknown, complains against Defendant Hollister-Whiteney Elevator Co, LLC ("Defendant" or "Hollister") pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") and Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. ("IWPCA"), and in support thereof, states:

**NATURE OF ACTION**

1. This is a hybrid collective and class action brought under the FLSA, IMWL, and IWPCA seeking damages for Defendant's failure to pay time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2. Defendant intentionally implemented a timekeeping system for Plaintiff and other hourly employees at its Quincy, Illinois facility that rounded employees' clock in and out times such that the rounding was always to Defendant's benefit for purposes of recording hours worked.

3. Cumulatively, this resulted in Plaintiff and other similarly situated employees not being paid for all hours worked at the correct rate of pay.

4. The affected collective and class of employees Plaintiff seeks to represent is all current

and former hourly employees at Defendant's Quincy, Illinois facility.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Springfield Division pursuant to CDIL-LR 40.1(B) because the events giving rise to the claims occurred in Quincy, Illinois, in Adams County, which is assigned to the Springfield Division.

## PARTIES

8. Plaintiff, Benjamin Trapini, is an individual, formerly employed by Defendant at its Quincy facility, residing in Quincy, Illinois.

9. Defendant Hollister-Whitney Elevator Co, LLC is a Delaware limited liability company, with its principal place of business in Quincy, Illinois.

## FACTS

10. Plaintiff is a former full-time, hourly, non-exempt maintenance employee who worked for Defendant from approximately December 5, 2022, until April 10, 2024.

11. Plaintiff worked at Defendant's Quincy, Illinois facility.

12. At the time of hiring, Plaintiff agreed to work for Defendant as maintenance employee in exchange for Defendant's agreement to provide hourly compensation to him for all hours worked under forty at a rate of $18.00/hour and for all hours worked more than forty at a rate of time and one half.

13. Defendant later increased Plaintiff's hourly base rate of pay to $22.60 and Plaintiff's final rate of pay when he left Defendant's employ was $23.10.

14. Plaintiff's rates of pay are typical of all other similarly situated employees of Defendant at the Quincy facility.

15. Plaintiff was typically scheduled for the 7:00 a.m. to 3:30 p.m., shift five days per week.

16. Defendant typically scheduled Plaintiff and other similarly situated employees for 8.5 hour shifts per workday.

17. In Plaintiff's case, his shifts typically lasted past 3:30 p.m. to between 4:30 p.m. and 5:30 p.m., each workday, meaning Plaintiff regularly worked more than forty hours per week.

18. Other similarly situated hourly employees also regularly worked more than forty hours per week due to Defendant's practice of requiring mandatory overtime of one to two hours per day from each hourly employee, like that described in Paragraph 17 above.

19. Defendant used an electronic time-clock system located at five terminals on the Quincy facility floor to record hourly employees' clock-in and clock-out times.

20. Defendant's time keeping system rounded employee's clock-in and clock-out times in the following manner:

a. When Plaintiff and other similarly situated employees punched in, their punch-in time was rounded forward in time to the nearest 15-minute increment (e.g., 7:00, 7:15, 7:30; 7:45);[1]

b. When Plaintiff and other similarly situated employees punched out, their punch-out time was always rounded back in time to the nearest 15-minute increment (e.g., 3:00, 3:15, 3:30, 3:45).[2]

21. Plaintiff and other similarly situated employees had to punch in at the start of their shift and punch out at the end of their shift. Lunch breaks were automatically deducted, and Plaintiff

[1] For example, a 7:03 a.m. punch in time would round forward to 7:15 a.m.
[2] For example, a 3:43 p.m. punch out would round down to 3:30 p.m.

and other similarly situated employees did not need to punch out and back in unless they left the Quincy facility for lunch.

22. Cumulatively, this resulted in a failure to compensate employees for all the time they actually worked each day in an amount of between 10 and 30 minutes per day depending on the number of times they had to punch in or out that day.

23. Defendant intentionally implemented this time keeping system and attendant rounding practice, such that the resultant time shaving of Plaintiff's and the other similarly situated employees' time was willful.

## COLLECTIVE AND CLASS ALLEGATIONS

24. Defendant's time keeping system and its system of rounding punch-in and punch-out times always to Defendant's benefit was implemented on a companywide basis.

25. The Collective and Class of similarly situated employees Plaintiff seeks to represent pursuant to Section 216(b) of the FLSA, and Fed. R. Civ. P. 23 consists of:

> All current or former hourly employees of Defendant who work or worked at the Quincy facility who worked overtime and did not receive full compensation for all hours worked from December 8, 2022, to present.

26. Plaintiff has personal knowledge that the rounding practices described above did not apply to him alone but rather applied to other members of the Collective.

27. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

28. The putative Collective Action Members are not exempt from receiving overtime pay under the FLSA.

29. Defendant's failure to pay overtime wages results a uniform timekeeping system and rounding practice in same.

30. The specific job title or job responsibilities of each putative Collective Action Member

does not prevent collective treatment.

31. Although the exact amount, of damages may vary among the putative Collective Action Members, their respective damages can be calculated using a simple formula applicable to all of them.

32. On information and belief, at all times relevant, Defendant employed over 300 individuals at any one time at the Quincy, Illinois facility.[3] Thus, the members of the putative collective and class are so numerous that joinder of all members is impracticable.

33. Common questions of law and fact exist as to members of the collective and class including, but not limited to:

a. How Defendant's timekeeping system rounded punch-in and punch-out times;

b. Whether Defendant's timekeeping system's method of rounding punch-in and punch-out times was compliant with the FLSA;

c. Whether Defendant's timekeeping system's method of rounding punch-in and punch-out times was compliant with the IMWL;

d. Whether Defendant's timekeeping system's method of rounding punch-in and punch-out times resulted in Defendant not paying Plaintiff and the collective/class members all promised wages;

e. Whether the timekeeping system's method of rounding was intentional;

f. The proper measure of damages sustained by the members of the IMWL class.

34. Plaintiff was an hourly employee like the other potential collective and class members. He was subject to the same timekeeping system and rounding practice in same as other collective and class members. Plaintiff was, because of the timekeeping system's rounding practice, not paid for all

---

[3] Pursuant to Defendant's Linkedin company profile. https://www.linkedin.com/company/hollister-whitney-elevator-corp/ (last visited Dec. 4, 2025).

overtime hours worked and not paid his promised rate of pay for all hours worked. Thus, Plaintiff's claims are typical of those of the putative collective and class.

35. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state and labor employment litigation.

36. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting overtime and regular rate violations under the FLSA and state law.

37. Plaintiff's counsel will prosecute this action vigorously for the benefit of all the putative collective and class members.

38. Class certification of the claims of the putative IMWL and IWPCA classes are also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative IMWL and IWPCA classes predominate over any questions affecting individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to fully compensate the collective and class members in violation of the FLSA, IMWL, and IWPCA. The damages suffered by individual members of the putative IMWL and IWPCA class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

**COUNT I – FLSA COLLECTIVE ACTION**
**FAILURE TO PAY OVERTIME WAGES**

39. Plaintiff incorporates Paragraphs 1-38 by reference as though fully restated herein.

40. Defendant's timekeeping system's rounding practices violated the FLSA.

41. At all times relevant, Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. §§ 203(d) & 203(e)(1).

42. At all times relevant, Defendant was a covered employer under the FLSA. 29 U.S.C. §

203(s)(1)(B).

43. At all times relevant, Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

44. At all times relevant, Plaintiff and all similarly situated employees were not exempt from the FLSA's overtime requirements.

45. At all relevant times, Plaintiff and similarly situated employees worked more than 40 hours per seven-day workweek as employees of Defendant.

46. Defendant was required to pay Plaintiff and similarly situated employees time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

47. Plaintiff and similarly situated employees were not paid time and one-half their hourly rate for all hours worked more than 40 hours per seven-day workweek.

48. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all relevant times, Defendant was aware that its timekeeping system improperly rounded clock in and out times only to Defendant's benefit, such that Plaintiff and similarly situated employees were not paid time and one-half their respective regular rates of pay for all overtime hours worked.

**COUNT II – IMWL CLASS ACTION**
**FAILURE TO PAY OVERTIME WAGES**

49. Plaintiff incorporates Paragraphs 1-38 by reference as though fully restated herein.

50. At all relevant times, Defendant was the employer of Plaintiff and the putative IMWL Class Action Members as defined by the IMWL. 820 ILCS 105/3(c).

51. At all relevant times, Plaintiff and the putative IMWL Class Action Members were the employees of Defendant as defined by the IMWL. 820 ILCS 105/3(d).

52. The IMWL requires Defendant to pay Plaintiff and the putative class members time-and one-half for all overtime hours worked.

53. During Plaintiff's employment, and through to the present, three years, Defendant did not pay Plaintiff and the putative class members time and one-half for all overtime hours worked because Defendant's timeclock system improperly rounded punch in and punch out times so that it always benefited Defendant, resulting in Defendant not paying Plaintiff and the putative class members for all hours worked.

**COUNT III – IWPCA CLASS ACTION**
**FAILURE TO PAY PROMISED WAGES**

54. Plaintiff incorporates Paragraphs 1-38 by reference as though fully restated herein.

55. The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS 115/2.

56. Plaintiff and the putative Class Action Members were employees of Defendant, and Defendant was Plaintiff and the putative Class Action Members' employer under the IWPCA. 820 ILCS 115/2.

57. Defendant made an unequivocal promise to pay Plaintiff and the putative class members an hourly rate of pay for all regular hours worked and an overtime rate of time and one half for all overtime hours worked.

58. Plaintiff and the putative class agreed to be paid a regular and overtime rate of pay for regular and overtime hours worked and worked for Defendant pursuant to those terms.

59. By shaving time from Plaintiff and the putative class members' timecards through Defendant's improper rounding in its timekeeping system, Defendant failed to pay Plaintiff and the putative class members for all hours they worked in violation of Defendant's agreement with Plaintiff and the putative class members.

**PRAYER FOR RELIEF AS TO ALL COUNTS**

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against Defendant and order the following relief:

A. Certifying the Collective Action and order Defendant produce to Plaintiff a list of all potential members of the collective so notice may be sent to them;

B. Awarding damages equal to Plaintiff's and the collective action members' unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216;

C. Certifying the putative class for the state law IMWL and IWPCA claims pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Awarding damages equal to Plaintiff's and the class members' unpaid overtime compensation, statutory penalties of treble damages and 5% monthly interest, attorneys' fees and costs pursuant to 820 ILCS 105/12;

E. Awarding damages equal to Plaintiff's and the class action members' unpaid promised overtime wages, statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14 (5%), and reasonable attorneys' fees and costs per 820 ILCS 115/14;

F. Designation of Plaintiff as Class Representative and his Counsel as Class Counsel.

G. Such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

/s/ *Matthew Fletcher*
One of Plaintiff's Attorneys

The Garfinkel Group, LLC
Matthew Fletcher (IARDC No. 6305931)
Matthew@garfinkelgroup.com
Andrew Fullett (IARDC No. 6328490)

andrew@garfinkelgroup.com
The CIVITAS, 701 N. Milwaukee Ave.
Chicago, IL 60642